## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **NICOLA SENEE HODGES,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 21-CV-541-SMY** |
| | ) | |
| **EAST ST. LOUIS SCHOOL DISTRICT 189,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

## <u>MEMORANDUM AND ORDER</u>

**YANDLE, District Judge:**

Pending before the Court is Plaintiff Nicola Senee Hodges' Second Motion for Leave to Proceed *in forma pauperis* (Doc. 12).  The Court initially dismissed her Complaint without prejudice but granted her leave to file an amended complaint (Doc. 9).  Plaintiff filed an Amended Complaint (Doc. 10), followed by the instant motion.

Under 28 U.S.C. § 1915, an indigent party may commence a federal court action without paying required costs and fees upon submission of an affidavit asserting the inability "to pay such fees or give security therefor" and stating, "the nature of the action, defense or appeal and the affiant's belief that the person is entitled to redress."  28 U.S.C. § 1915(a)(1).   As was true with Hodges' initial *in forma pauperis* motion, the Court is satisfied from her Affidavit that she is indigent and cannot pay the $400.00 filing fee at this time.

Additionally, § 1915(e)(2) requires careful threshold scrutiny of a Complaint filed by a plaintiff seeking to proceed IFP.  Thus, the Court may dismiss a case if it determines the action is clearly frivolous or malicious, fails to state a claim, or is a claim for money damages against an

immune defendant.  28 U.S.C. § 1915(e)(2)(B); *see also Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003).

To state a viable claim, the Complaint must contain allegations that go beyond a merely speculative level.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Additionally, under Rule 8 of the Federal Rules of Civil Procedure, a Complaint must contain:

> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a).

Hodges references "Title VII Civil Rights Act of 1964" in her Amended Complaint.  Title VII prohibits discrimination against any individual with respect to "compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or . . . ."  42 U.S.C. § 2000e-2(a)(1).  Despite the Court's explanations in dismissing Hodges' initial complaint for failure to allege discrimination, her Amended Complaint is short and contains the following allegations:

> 1. 9-19-2019 I sent a letter to the Superintendent, HR Director Tina Frye, LaToya Greenwood and the Chief of schools, explaining what was done to me by another employee.  I explained how I felt bullied and that I was working in a hostile work environment.  After a meeting on the same day with the 2 ladies from HR (Tina Frye and LaToya Greenwood) I was told that I would not be believed over an employee who had been an employee in the district longer than me.  February of 2020 I was terminated after multiple false accusations against me.  All of this was done after I submitted my complaint against this particular employee.

(Doc. 10, pp. 5-6).

Hodges also attached a letter directed to "Ms. Garrett," several emails, and two screenshots of what appear to be text messages to the Amended Complaint (Doc. 10, pp. 9-14).[1]

Once again, Hodges fails to set forth facts in the Complaint regarding alleged discrimination. Even under the liberal pleading standards applicable to *pro se* litigants, her Amended Complaint merely describes her disagreement with coworkers and subsequent termination but contains no allegations or facts suggestive of discriminatory treatment based on race, color, religion, sex, or national origin.

Hodges also references a "hostile work environment" in the Amended Complaint. To state a claim under Title VII for a hostile work environment, a plaintiff must sufficiently allege that: (1) she was subject to unwelcome harassment; (2) the harassment was based on her race or sex; (3) the harassment was severe or pervasive so as to alter the conditions of the employee's environment and create a hostile or abusive working environment; and (4) there is basis for employer liability. See, *Cooper-Schut v. Visteon Auto. Sys.,* 361 F.3d 421, 426 (7th Cir. 2004). Here, Hodges merely states that she was working in a "hostile work environment" (Doc. 10, pp. 5-6). This cursory and conclusory allegation is insufficient to state a colorable claim.

For the foregoing reasons, Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Doc. 12) is **DENIED** and the Amended Complaint (Doc. 10) is **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

Should Plaintiff wish to proceed with this case, she must: (1) renew her Motion for Leave to Proceed *in forma pauperis* or prepay the full $400.00 filing fee for this action no later than **November 10, 2022**; and (2) file a Second Amended Complaint in this case by the same date.

---

[1] Courts do not generally consider attachments to a complaint, especially where (as here) they lack context and are unauthenticated. *Rosenblum v. Travelbyus.com Ltd.*, 299 F.3d 657, 661 (7th Cir. 2002) (noting that in evaluating the sufficiency of a pleading, a court may only consider the plaintiff's complaint). However, even if this Court were to consider these attachments, they do not change the analysis that Hodges has failed to allege a claim.

Failure to do so shall result in dismissal of this action with prejudice for failure to comply with a court order and/or for failure to prosecute these claims.  Fed. R. Civ. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994).

This is Plaintiff's second failed attempt to state a viable claim under Title VII, and she is being given one last opportunity to do so.  Before filing yet another amended complaint, Plaintiff should keep in mind that she must not only allege facts but confirm that they constitute a legal violation.

Plaintiff is further advised that the Court will not accept piecemeal amendments.  An amended complaint supersedes and replaces the original complaint and renders the original void. *Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004).  Therefore, the Second Amended Complaint must stand on its own, without reference to any previous pleading. Hodges must also re-file any exhibits she wishes the Court to consider.  The Second Amended Complaint will be subject to review under 28 U.S.C. § 1915(e)(2), and no service will be ordered until review is completed.

**IT IS SO ORDERED.**

**DATED:  October 20, 2022**

**STACI M. YANDLE**
**United States District Judge**